IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKELAND VILLAGE HOMEOWNERS ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>GREAT AMERICAN INSURANCE GROUP, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and DOES 1 through 50,<br><br>        Defendants. | 2:10-cv-00604-GEB-GGH<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT</u> |

Plaintiff moves for partial summary judgment against its insurer, Defendant Travelers Property Casualty Company of America ("Defendant"), on its third claim for declaratory relief. Specifically, Plaintiff seeks a declaration that Defendant has a duty to defend a cross-complaint filed against it in a pending state court action. Defendant filed a cross motion for summary judgment, arguing it does not owe Plaintiff a defense, and therefore, is entitled to judgment on Plaintiff's claims.

**I. LEGAL STANDARD**

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If this burden is satisfied, "the non-moving party must set forth, by affidavit or as

1

otherwise provided in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quotations and citation omitted) (emphasis omitted). When deciding a summary judgment motion, all reasonable inferences that can be drawn from the evidence "must be drawn in favor of the non-moving party." Bryan v. McPherson, --- F.3d ----, 2010 WL 2431482, at *2 (9th Cir. 2010).

## II. UNDISPUTED FACTS

### A. The Underlying Litigation and Tender of Defense

In the underlying state court litigation involved with Plaintiff's tender of defense, Kellie Warnick and her mother, Ann Michael, filed a complaint against Premier Resorts International, Inc. dba Lakeland Village Beach and Mountain Resort ("PRI"), and Francis Hollow ("Hollow") that concerns a wedding reception Ms. Warnick hosted at Lakeland Village. (Def.'s Response to Pl.'s Separate Statement of Undisputed Facts ("SUF") # 1-2.)

Hollow, who owns a town home in Lakeland Village, called the police and complained about noise at the reception. (Pl.'s Evid., Ex. 1, ¶16, Ex. 7, ¶ 1.) The police responded and took action that resulted in the termination of the wedding reception. (Id.)

Hollow answered the state court action and filed a cross-complaint against Plaintiff and PRI for indemnity, contribution and declaratory relief. (Def.'s Response to Pl.'s Separate Statement of Undisputed Facts ("SUF") # 3.) Hollow subsequently filed a First-Amended Cross-Complaint, which added a nuisance claim. (SUF # 10.) Hollow alleges in the nuisance claim that non-property owners used Lakeland Village's common areas for weddings, wedding receptions and

similar events, wherein loud music was played that interfered with Hollow's quiet use and enjoyment of his property. (SUF #11.)

Plaintiff tendered its defense of Hollow's First-Amended Cross-Complaint to Defendant in early 2007. (SUF #18.) Defendant denied the tender on April 9, 2007. (SUF #19.) Hollow later filed a Second-Amended Cross-Complaint ("Cross-Complaint"), which deleted his indemnity claim. (SUF #15.)

### B.  The Applicable Insurance Policy

The insurance policy under which the tender was made provides in relevant part: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury'... to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages." (Pl.'s Evid., Ex. 12, at 1.) "Personal injury" is defined to include "injury, other than 'bodily injury,' arising out of... the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor." (Id., at 3.)

### III.  DISCUSSION

The parties dispute whether or not Defendant owes Plaintiff a defense of Hollow's Cross-Complaint.  Plaintiff seeks a declaration that Defendant has a duty to defend it, arguing Hollow's nuisance claim is covered by the policy's coverage for injury arising out of "invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor...." (Pl.'s P.&A. in Supp. of Mot. for Partial Summ. J. ("Mot.") 8:9-19.) Defendant rejoins that it does not owe Plaintiff a defense because "invasion of the right of private occupancy," requires a physical

invasion, and "[n]oise simply is not a physical invasion of the right to private occupancy in California." (Def.'s P.&A. in Opp'n to Pl.'s Mot. for Summ. J. ("Opp'n") 9:8-10, 10:20-21.) Defendant further counters that it does not owe Plaintiff a defense since the clause "by or on behalf of its owner, landlord or lessor," modifies the word "invasion," requiring Plaintiff to own the affected property for there to be coverage, and Plaintiff does not own Hollow's property. (Opp'n 7:11-15.)

### A. An Insurer's Duty to Defend

Under California law,

> An insurer must defend its insured against claims that create a potential for indemnity under the policy. The duty to defend is broader than the duty to indemnify, and it may apply even in an action where no damages are ultimately awarded. Determination of the duty to defend depends, in the first instance, on a comparison between the allegations of the complaint and the terms of the policy. But the duty also exists where extrinsic facts known to the insurer suggest that the claim may be covered. Moreover, that the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability.

Scottsdale Ins. Co. v. MV Transp., 36 Cal.4th 643, 654 (2005) (citation omitted). Further, "[a]ny doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor." Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081 (1993).

In a duty to defend case, an insured moving for summary judgment "need only show 'the existence of a potential for coverage,' i.e., 'that the underlying claim may fall within policy coverage.'" Cunningham v. Univ. Underwriters, 98 Cal.App.4th 1141, 1147 (2002) (citing Montrose Chem. Corp. v. Sup. Ct., 6 Cal.4th 287, 300 (1993)). Whereas, an insurer moving for summary judgment "'must establish the

absence of any ... potential' for coverage, i.e., that the underlying complaint 'can by no conceivable theory raise a single issue which could bring it within the policy coverage.'" Id. (citing Montrose Chem. Corp., at 300 (1993). "Although the insurer's burden in moving for summary judgment is greater than the insured's burden in bringing its own affirmative motion, this disparity merely reflects the substantive law." Id. (citation omitted).

When an insurer owes a duty of defense, "the insurer is obligated to defend against all of the claims involved in the action, both covered and noncovered...." Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081 (1993). "To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not." Buss v. Sup. Ct., 16 Cal.4th 35, 49 (1997).

**B.  Applicable Principals of Insurance Policy Interpretation**

The principles of insurance policy interpretation are well-settled under California law:

> Interpretation of an insurance policy is a question of law. While insurance contracts have special features, they are still contracts to which ordinary rules of contractual interpretation apply. Thus, the mutual intention of the parties at the time the contract is formed governs interpretation. If possible, [courts] infer this intent solely from the written provisions of the insurance policy. If the policy language is clear and explicit, it governs.
>
> When interpreting a policy provision, [courts] must give its terms their ordinary and popular sense unless used by the parties in a technical sense or a special meaning is given to them by usage. We must also interpret these terms in context, and give effect to every part of the policy with each clause helping to interpret the other.

5

Palmer v. Truck Ins. Exchange, 21 Cal. 4th 1109, 1115 (1999) (quotations and citations omitted).

"A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable. But language in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract." Waller v. Truck Ins. Exchange, Inc., 11 Cal.4th 1, 18 (1995). "There cannot be an ambiguity per se, i.e. an ambiguity unrelated to an application." Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co., 5 Cal.4th 854, 867 (1993) (quotation and citation omitted).

If a policy provision has been judicially construed, "it is not ambiguous and the judicial construction of the term should be read into the policy unless the parties express a contrary intent." Lockeed Corp v. Continental Ins. Co., 134 Cal.App.4th 187, 197 (2005) (quotation and citation omitted). In applying this rule, however, the policy provision at issue must be used in a context analogous to the context in which it was judicially construed. Id. Further, the existence of conflicting judicial interpretations of a policy provision may support a finding that a policy provision is ambiguous. Fire Ins. Exchange v. Sup. Ct., 116 Cal.App.4th 446, 465 (2004).

Rules of grammar and punctuation can also be used in deciding the meaning of words and phrases. See Oak Park Calabasas Condominium Assn. v. State Farm Fire and Cas. Co., 137 Cal.App.4th 557, 564 (using the grammatical use of a comma to determine the meaning of an insurance policy provision); and State Farm General Ins. Co. v. JT's Frames, Inc., 181 Cal.App.4th 429, 446 (2010) (applying the "rule of the last antecedent" to determine the scope of a policy provision).

### C. "Invasion of the Right of Private Occupancy"

Here, the insurance policy covers claims for "personal injury," which is defined to include injury arising out of "invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor." (Pl.'s Evid., Ex. 12, at 3.) Plaintiff contends Hollow's nuisance claim "fall[s] directly within this definition of 'personal injury'" since "invasion of the right of private occupancy" does not require a "tangible interference" with the property. (Mot. 8:18-19, 8:24-26.) Plaintiff relies primarily upon a First Circuit opinion in <u>Titan Holdings Syndicate, Inc. v. City of Keene, N.H.</u>, 898 F.2d 265 (1st Cir. 1990), as support for its argument. In <u>Titan Holdings</u>, the First Circuit considered New Hampshire law stating, that law "does not require an allegation of *physical* invasion before a claim comes within coverage for liability arising from 'other invasion of the right of private occupancy.'" <u>Id.</u>, at 272 (emphasis in original). <u>Titan Holdings</u> relied upon this principle when construing the clause before it in favor of the insured and held that the insurer owed the insured a defense of a complaint, which alleged odor, noise and bright light from the insured's sewage plant "unreasonably and substantially interfered with [the plaintiffs'] quiet enjoyment of [their home]." <u>Id.</u>, at 267, 272-273. Plaintiff argues in the alternative, the phrase "invasion of the right of private occupancy" is ambiguous, and thus, must be interpreted in its favor. (Mot. 9:7-8.)

Defendant rejoins this policy language is not ambiguous, and requires a "physical entry upon real property." (Opp'n 9:9-10.) Defendant argues since noise is not "physical," Hollow's Cross-Complaint does not fall within the policy's "personal injury" coverage.

(Opp'n 10:20-22.) Defendant relies solely upon <u>Sterling Builders, Inc. v. United National Insurance Co.</u>, 79 Cal.App.4th 105 (2000), as support for its position. In <u>Sterling Builders</u>, an insured filed a declaratory relief action against its insurer, after the insurer refused to defend the insured in a third party action, which alleged the fraudulent procurement of an easement.  The insured argued the clause in its policy, which defined "personal injury" to include "wrongful entry or eviction or other invasion of the right of private occupancy," "afforded at least the possibility of coverage of the [third party] action, and hence gave rise to a duty to defend." <u>Id.</u>, at 108.  The <u>Sterling Builders</u> Court disagreed, holding "there is no such thing as a nonphysical invasion of a right of private occupancy. 'Occupancy' requires a physical entry upon real property." <u>Id.</u>, at 109.  <u>Sterling Builders</u> addressed the notion of obtaining an easement interest in real property through fraud, and found "[t]hese facts constitute a transaction, not a trespass." <u>Id.</u>, at 112.

    <u>Sterling Builders</u> is distinguishable from the facts involved in this case since Hollow's Cross-Complaint does not involve a "misrepresentation" or "transaction."  Therefore, the issue is whether the "invasion of the right of private occupancy" provision applies to Hollow's allegations that he heard loud amplified music emanating from Non-Owner events, which interfered with the quiet use and enjoyment of his property. (Pl.'s Evid., Ex. 4, ¶¶ 26-27.)

    A California Court of Appeal stated in <u>Martin Marietta Corp v. Ins. Co. of North America</u>, 40 Cal.App.4th 1113, 1134 (1995) that "[i]nvasion of the right of private occupancy, resembles the definition of nuisance, an interference with the interest in the private use and enjoyment of the land." (Quotations and citations omitted).  Further,

the Martin Marietta Corp court stated: it need "not determine the entire scope of coverage under the term" since the clause before it, "'other invasion of the right of private occupancy'" is susceptible to numerous interpretations, and under California's rules of contract interpretation, it must be construed in favor of the insured." Id.; See also Hirschberg v. Lumbermens Mutual Casualty, 798 F.Supp. 600, 604 (N.D. Cal. 1992) (applying California law and holding that the clause "other invasion of the right of private occupancy," is ambiguous). As stated in Martin Marietta Corp, the clause "invasion of the right of private occupancy" is subject to more than one reasonable interpretation. Therefore, the clause is ambiguous and must be construed in favor of the insured.

**D.    "By or on behalf of Its Owner, Landlord or Lessor"**

The parties also dispute the effect of the clause "by or on behalf of its owner, landlord or lessor," in the policy's definition of "personal injury" for "invasion of the right of private occupancy." Defendant argues the clause "by or on behalf of its owner, landlord or lessor," modifies the word "invasion," and therefore requires Plaintiff to own the affected property for there to be coverage. Defendant argues since Plaintiff does not own Hollow's property, Defendant does not have a duty to defend Hollow's Cross-Complaint, notwithstanding how the phrase "invasion of the right of private occupancy" is interpreted. (Opp'n 7:11-15.)

Plaintiff counters that Defendant's argument violates the "fundamental grammatical 'Rule of the Last Antecedent' which requires that qualifying words or phrases be applied to the words immediately preceding them." (Pl.'s Reply Brief in Support of Mot. For Partial Summ. J. ("Reply") 1:25-26.) Further, Plaintiff argues "by or on behalf of its

owner, landlord or lessor" must modify the word "occupies," requiring only that Hollow rightfully occupied his town home to trigger coverage. (Reply 5:15-21.) Plaintiff argues in the alternative, "by or on behalf of its owner..." is ambiguous and must be interpreted in its favor. (Reply 6:20-21.)

The parties have not provided any binding authority, which is dispositive of this issue. Defendant cited Mirpad, LLC v. Cal. Ins. Guarantee Assoc., 132 Cal.App.4th 1058 (2005), which contains dicta concerning the clause "by or on behalf of its owner..." since the parties did not dispute its construction. Mirpad, LLC, 132 Cal.App.4th at 1064 n.3.

Further, the out-of-state authority cited by the parties is conflicting. A Maine District Court held "by or on behalf of its owner," "clearly refers to the person committing the wrongful entry and not the person who occupies the room, dwelling, or premises." U.S. Fidelity and Guar. Co. v. Goodwin 950 F.Supp. 24, 26 (D.Me. 1995). The court explained,

> The key to determining the meaning of this provision lies in the word "its." The Court is persuaded that the word "its" modifies the words "room, dwelling or premises." The word "its" does not modify the word "person." Unlike a room, dwelling, or premises, a person obviously cannot have an owner. Accordingly, the provision unambiguously requires that the wrongful entry be committed by the owner, landlord, or lessor of the room, dwelling, or premises.

Id., at 27.

In contrast, the Third and Eighth Circuits have held "by or on behalf of its owner" is ambiguous. New Castle County, Delaware v. National Union Fire Ins. Co. of Pittsburgh, PA, 174 F.3d 338, 344-351 (3rd Cir. 1999); Royal Ins. Co. of America v. Kirksville College of

Osteopathic Medicine, 191 F.3d 959, 963 (8th Cir. 1999). In New Castle County, the Court criticized the Goodwin Court's analysis and held the grammatical "Rule of the Last Antecedent" rendered the clause subject to more than one reasonable interpretation. New Castle County, Delaware, 174 F.3d at 344-351.

> The Goodwin court found that the word "its" modifies "room, dwelling or premises," and not "person." Yet, replacing "its" with any of the words the court found "its" to modify does not foreclose either [the insurer] or [the insured's] reading of the provision. For example, consider the following: "The wrongful eviction from a room that a person occupies by or on behalf of the room's owner, landlord or lessor." Or, consider this: "The invasion of the right of private occupancy of a premises that a person occupies by or on behalf of the premises' owner, landlord or lessor." Both examples illustrate the flaw in the Goodwin court's reasoning; that is, neither clarifies whether "by or on behalf of" requires the offense to be committed by the owner, landlord, or lessor, or whether it defines the possessory interest of the claimant. Thus, determining what "its" modifies neither strengthens nor undermines either of the competing interpretations of [the clause]....

Id., at 345 (citation omitted).

Since the clause "by or on behalf of its owner, landlord or lessor," is reasonably susceptible to more than one interpretation, it is ambiguous and must be construed in Plaintiff's favor. Therefore, Plaintiff's partial motion for summary judgment is granted and Defendant's cross motion for summary judgment is denied.

Dated: July 21, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge