IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKELAND VILLAGE HOMEOWNERS ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>GREAT AMERICAN INSURANCE GROUP, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and DOES 1 through 50,<br><br>        Defendants.<br>_____ | 2:10-cv-00604-GEB-GGH<br><br><u>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT</u> |

        Plaintiff moves for partial summary judgment against its insurer, Defendant Great American Insurance Group ("Defendant"), on its seventh claim for declaratory relief. Specifically, Plaintiff seeks a declaration that Defendant has a duty to defend it in a pending state court cross-complaint and related administrative proceeding, and an order directing Defendant to reimburse Plaintiff for its attorneys' fees and costs incurred to date in both matters. Defendant filed a cross motion for summary judgment, arguing it does not owe Plaintiff a defense, and therefore, is entitled to partial summary judgment on Plaintiff's declaratory relief claim.

## I. LEGAL STANDARD

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If this burden is satisfied, "the non-moving party must set forth, by affidavit or as otherwise provided in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quotations and citation omitted) (emphasis omitted). When deciding a summary judgment motion, all reasonable inferences that can be drawn from the evidence "must be drawn in favor of the non-moving party." Bryan v. McPherson, --- F.3d ----, 2010 WL 2431482, at *2 (9th Cir. 2010).

## II. UNDISPUTED FACTS

**A.  The Underlying State Court Litigation and Tender of Defense**

In the underlying state court litigation involved with Plaintiff's tender of defense, Kellie Warnick and her mother, Ann Michael, filed a complaint against Premier Resorts International, Inc. dba Lakeland Village Beach and Mountain Resort ("PRI"), and Francis Hollow ("Hollow") that concerns a wedding reception Ms. Warnick hosted at Lakeland Village. (Def.'s Response to Pl.'s Separate Statement of Undisputed Facts ("SUF") #1-2.)

Hollow, who owns a town home in Lakeland Village, called the police and complained about noise at the reception. (Def.'s Reply Separate Statement of Undisputed Facts ("RSUF") #3.) The police responded and took action that resulted in the termination of the wedding reception. (RSUF #4.)

Hollow answered the state court action and filed a cross-complaint against Plaintiff and PRI for injunctive relief, declaratory relief and indemnity. (SUF #3.) Hollow alleges in his injunctive relief claim:

> [Plaintiff] has entered into a written or oral agreement with PRI by which [Plaintiff] has authorized and allowed PRI to rent the common areas for the exclusive use of third parties who are not unit or lot owners or the families or guests of unit or lot owners or tenants or contract purchasers residing in a unit or lot (collectively the "Non-Owners") for weddings, wedding receptions and similar events in violation of the Governing Documents, which constitutes a breach of [Plaintiff's] fiduciary duty to its members, a breach of the covenant of quiet enjoyment, and a nuisance.
>
> The cross-defendants have authorized and allowed amplified music to be played within the common areas during Non-Owner weddings, wedding receptions and similar events which constitutes a breach of the covenant of quiet enjoyment and a nuisance, in violation of the Governing Documents.
>
> ....
>
> The wrongful conduct of the cross-defendants, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Cross-Complainant in that Cross-Complainant's quiet enjoyment of the Property will continue to be violated.

(Pl.'s Evidence in Supp. of Mot. for Summ. J., Ex. 3, ¶¶ 10-11, 14.)

Hollow alleges in his declaratory relief claim:

> An actual controversy has arisen between Cross-Complainant and the cross-defendants in that Cross-Complainant maintains that the Governing Documents do not authorize the cross-defendants' wrongful conduct described above, while the cross-defendants maintain that they have acted within the scope of authority under the Governing Documents in authorizing and allowing the rental of common areas for the exclusive use of Non-Owner third parties for weddings, wedding receptions and similar events.

> Cross-Complainant desires a judicial determination and declaration of Cross-Complainant's and the cross-defendants respective rights and duties under the Governing Documents. Specifically, Cross-Complainant requests a determination of whether Cross-Complainant is entitled to enforce the Governing Documents against the cross-defendants and prevent and enjoin the rental of common areas for the exclusive use of Non-Owner third parties....

(Id., ¶¶18-19.)

Plaintiff tendered its defense of Hollow's Cross-Complaint to Defendant on January 3, 2007, which Defendant denied on January 5, 2007. (SUF #22-23.)

Hollow filed a First-Amended Cross-Complaint on January 29, 2007, which added a nuisance claim. (SUF # 11.) Hollow alleges in the nuisance claim that non-property owners used Lakeland Village's common areas for weddings, wedding receptions and similar events, wherein loud amplified music was played that interfered with Hollow's quiet use and enjoyment of his property. (Pl.'s Evidence in Supp. of Mot. for Summ. J., Ex. 4, ¶¶ 26-27.) Hollow subsequently filed a Second-Amended Cross-Complaint ("Cross-Complaint") on December 12, 2008, which deleted his indemnity claim. (SUF #14.)

Defendant reiterated its denial of Plaintiff's tender of defense after receiving a copy of both Hollow's First-Amended Cross-Complaint and Second-Amended Cross-Complaint. (SUF #26, 28-29.)

**B. Hollow's Administrative Proceeding Involved With Plaintiff's Tender of Defense**

On January 12, 2009, Hollow submitted a letter and application to the Tahoe Regional Planning Agency requesting an administrative determination "as to whether the commercial wedding events operation at Lakeland Village... is a permissible use under the 1987 Regional Plan."

4

1  (Pl.'s Evidence in Supp. of Mot. for Summ. J., Ex. 8, 1.) Hollow states
2  in the January 12, 2009 letter,

> Holding multiple large events, including amplified music and dancing, for a few weekend renters and often a hundred or more of their guests every week for five or six months out of the year without question changes the character and intensity of the residential use.
>
> ....
>
> The parking facilities at Lakeland Village were not designed to accommodate this many people and in fact do not. Mr. Hollow and others can attest to the parking shortages that occur during weekend wedding events. Similarly, the beach and grassy areas are unavailable to residents and tenants of Lakeland Village during wedding events because that is where the weddings occur.

(Id., 7-9.)

Plaintiff requested Defendant defend it in Hollow's administrative proceeding on December 11, 2009. (Pl.'s Evidence in Supp. of Mot. for Summ. J., Ex. 13, 9.) Defendant did not respond to this request, other than by filing an Answer in this federal court action. (Decl. of Clifford Hirsh in Supp. of Pl.'s Mot. for Summ. J., ¶8; SUF #38.)

**C. The Applicable Insurance Policy**

The insurance policy for the applicable policy period under which the tender was made provides in relevant part:

> Section I. Insuring Agreement
>
> If during the Policy Period or the Discovery Period any Claim is first made against an Insured for a Wrongful Act, including an Employment Practices Wrongful Act, the Insurer shall pay on their behalf Loss resulting from such Claim. The Insurer has the right and duty to defend any Claim to which this insurance applies, even if the allegations of the Claim are groundless, false or fraudulent.

(Pl.'s Evidence in Supp. of Mot. for Summ. J., Ex. 16, 2.)

5

The policy includes the following definitions:

> E. "Wrongful Act" shall mean any actual or alleged error, misstatement, misleading statement, act or omission, neglect or breach of duty, or Employment Practices Wrongful Act by the Organization, and/or a Subsidiary, and/or any Insured Persons acting in their capacity with the Organization or a Subsidiary.
>
> K. "Claim" shall mean: (1) any proceeding initiated against an Insured, including any appeals therefrom, before (a) any governmental body which is legally authorized to render an enforceable judgment or order for money damages or other relief against such Insured, or (b) the Equal Employment Opportunity Commission, or any similar governmental body whose purpose is to address employment practices; or (2) any written demand seeking money damages for a Wrongful Act.
>
> L. "Related Wrongful Acts" shall mean Wrongful Acts which are logically or causally connected by reason of any common fact, circumstance, situation, transaction, casualty, event or decision.

(Id., 2-3.)

The policy expressly excludes from coverage: "[A]ny Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving: .... (5) actual or alleged noise or interference with quiet enjoyment." (Pl.'s Evidence in Supp. of Mot. for Summ. J., Ex. 19.)

### III.  DISCUSSION

The parties dispute whether or not Defendant owes Plaintiff a defense of Hollow's Cross-Complaint and related administrative proceeding. Plaintiff seeks a declaration that Defendant has a duty to defend it, arguing the Cross-Complaint and administrative proceeding are covered "Claims" for a "Wrongful Act" by an insured. (Pl.'s P.&A. in Supp. of Mot. for Partial Summ. J. ("Mot.") 12:14-21.) Defendant rejoins

that it does not owe Plaintiff a defense because coverage for both the Cross-Complaint and administrative proceeding "are barred by [the exclusion] for claims 'arising out of' any 'actual or alleged noise or interference with quiet enjoyment.'" (Def.'s P.&A. in Opp'n to Pl.'s Mot. for Partial Summ. J. ("Opp'n") 1:13-15.)

### A. An Insurer's Duty to Defend

Under California law,

> An insurer must defend its insured against claims that create a potential for indemnity under the policy.... Determination of the duty to defend depends, in the first instance, on a comparison between the allegations of the [third-party pleading] and the terms of the policy. But the duty also exists where extrinsic facts known to the insurer suggest that the claim may be covered. Moreover, that the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability.

Scottsdale Ins. Co. v. MV Transp., 36 Cal.4th 643, 654 (2005) (citation omitted). "Conversely, where the extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even where the bare allegations in the complaint suggest potential liability." Food Pro International Inc. v. Farmers Ins. Exchange, 169 Cal.App.4th 976, 986 (2008) (quotation and citations omitted). "Any doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor." Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081 (1993).

In a duty to defend case, an insured moving for summary judgment "need only show 'the existence of a potential for coverage,' i.e., 'that the underlying claim may fall within policy coverage.'" Cunningham v. Univ. Underwriters, 98 Cal.App.4th 1141, 1147 (2002) (citing Montrose Chem. Corp. v. Sup. Ct., 6 Cal.4th 287, 300 (1993)).

Whereas, an insurer moving for summary judgment "'must establish the absence of any... potential' for coverage, i.e., that the underlying complaint 'can by no conceivable theory raise a single issue which could bring it within the policy coverage.'" Id. (citing Montrose Chem. Corp., at 300 (1993).

When an insurer moves for summary judgment "on the ground the claim is excluded," the insurer has the burden "to prove that the claim falls within an exclusion.... [O]nce the insurer establishes the claim is excluded, the burden shifts to the insured to show a triable issue of material fact exists." Roberts v. Assurance Co. of America, 163 Cal.App.4th 1398, 1406 (2008) (quotations and citations omitted).

**B.  Applicable Principals of Insurance Policy Interpretation**

The principles of insurance policy interpretation are well-settled under California law:

> Interpretation of an insurance policy is a question of law. While insurance contracts have special features, they are still contracts to which ordinary rules of contractual interpretation apply. Thus, the mutual intention of the parties at the time the contract is formed governs interpretation. If possible, [courts] infer this intent solely from the written provisions of the insurance policy. If the policy language is clear and explicit, it governs.
>
> When interpreting a policy provision, [courts] must give its terms their ordinary and popular sense unless used by the parties in a technical sense or a special meaning is given to them by usage. We must also interpret these terms in context, and give effect to every part of the policy with each clause helping to interpret the other.

Palmer v. Truck Ins. Exchange, 21 Cal. 4th 1109, 1115 (1999) (quotations and citations omitted).

Additional rules of construction apply to the interpretation of insurance policy exclusions:

> In addition to the general contract interpretation rules, there are special rules applicable to exclusions. Thus, although the insured has the burden of proving the contract of insurance and its terms, the insurer bears the burden of bringing itself within a policy's exclusionary clauses. Further, exclusionary clauses are strictly construed against the insurer and in favor of the insured. Thus, any provision that takes away or limits coverage reasonably expected by the insured must be "conspicuous, plain and clear" to be enforceable.

North American Bldg. Maintenance, Inc. v. Fireman's Fund Ins. Co., 137 Cal.App.4th 627, 642 (2006)(quotations and citations omitted). However, "an insurer has the right to select the risks which it will insure and to exclude those that it will not. If the meaning of [an] exclusion is unambiguous... the plain language of the limitation must be respected." Howell v. State Farm Fire & Casualty Co., 218 Cal.App.3d 1446, 1467 (1990) (quotation and citation omitted). "Courts may not rewrite the [policy] or force a conclusion to exact liability where none was contemplated." Legarra v. Federated Mutual Ins. Co., 35 Cal.App.4th 1472, 1480 (1995) (quotation and citation omitted).

C.  **"Arising Out of"**

Plaintiff contends Defendant owes it a duty of defense because "there is at least a potential of coverage under [Defendant's] policy." (Mot. 9:10-11.) Specifically, Plaintiff argues Hollow's Cross-Complaint and related administrative proceeding constitute "Claims" for a "Wrongful Act," as defined by the policy. (Id., 12:14-17.) Defendant counters that it does not owe Plaintiff a defense since both the Cross-Complaint and administrative action arise from an excluded risk, i.e. a

1  "Claim" arising out of noise or interference with quiet enjoyment.
2  (Opp'n 9:6-9.)

3  California courts broadly interpret the phrase "arising out
4  of" in various types of insurance provisions. "It is settled that this
5  language does not import any particular standard of causation or theory
6  of liability into an insurance policy. Rather, it broadly links a
7  factual situation with the event creating liability, and connotes only
8  a minimal causal connection or incidental relationship." Acceptance Ins.
9  Co. v. Syufy Enterprises, 69 Cal.App.4th 321, 328 (1999) (citations
10 omitted) (compiling California cases on the issue). "'Arising out of' is
11 a broad concept requiring only a 'slight connection' or an 'incidental
12 relationship' between the injury and the excluded risk." Century Transit
13 Systems, Inc. v. American Empire Surplus Lines Ins. Co., 42 Cal.App.4th
14 121, 127 n. 4 (1996) (quoting Continental Cas. Co. v. City of Richmond,
15 763 F.2d 1076, 1081 (9th Cir. 1985).) Further, courts have held this
16 broad interpretation of "arising out of" applies to its use in policy
17 exclusions as well as in insuring clauses. See Davis v. Farmers Ins.
18 Group, 134 Cal.App.4th 100, 106-107 (2005); Continental Casualty Co.,
19 763 F.2d at 1081-1082.

20 Here, the gravamen of both Hollow's Cross-Complaint and
21 administrative proceeding is the interference with the quiet enjoyment
22 of his property. Whether framed as a request for injunctive relief,
23 declaratory relief, or an administrative determination, Hollow is
24 ultimately seeking to enjoin Non-Owner use of the common areas, which he
25 alleges results in amplified music, parking shortages and the
26 unavailability of beach and grassy areas. Therefore, Defendant has shown
27 Hollow's Cross-Complaint and related administrative proceeding "arise
28

1  out of" "actual or alleged noise or interference with quiet enjoyment"
2  and are excluded from coverage.
3      Despite Hollow's noise and interference with quiet enjoyment
4  allegations, Plaintiff argues a potential for coverage under the policy
5  still exists because:

> [When] the facts underlying the [cross-complaint] could be restated as a cause of action that falls within the policy's coverage, the insurer must defend.
>
> ....
>
> Hollow's Cross-Complaint alleges all of the elements of a cause of action for breach of fiduciary duty which can be asserted by Hollow without any reference to noise or the non-owner social events.

13  (Pl.'s Reply Brief in Supp. of Mot. for Partial Summ. J. ("Reply") 4:26-
14  27, 5:13-15.)
15      Plaintiff's argument is unpersuasive. First, in evaluating
16  whether a duty to defend is owed, it is established that the court must
17  "examine the conduct underlying the... lawsuit, instead of the legal
18  theories attached to the conduct." <u>Century Transit Systems, Inc.</u>, 42
19  Cal.App.4th at 127 n.4 (quotation and citations omitted); <u>see also</u>
20  <u>Gunderson v. Fire Ins. Exchange</u> 37 Cal.App.4th 1106, 1114 (1995) ("An
21  insured may not trigger the duty to defend by speculating about... ways
22  in which the third party claimant might amend its complaint at some
23  future date.") Second, even if Hollow amends his Cross-Complaint to
24  allege a breach of fiduciary duty claim in the future, it too would be
25  excluded from coverage since damages are an element of a breach of
26  fiduciary duty claim, and the alleged damage caused by Plaintiff's
27  breach of fiduciary duty is the interference with Hollow's quiet
28  enjoyment of his property. <u>Mosier v. Southern Cailfornia Physicians Ins.</u>

Exchange 63 Cal.App.4th 1022, 1044 (1998) ("The elements of a cause of action for fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach.") (citation omitted).

### D. The Concurrent Causation Doctrine

Plaintiff also argues that, "at the very least, there are two concurrent causes of Hollow's alleged injury - Lakeland's breach of its fiduciary duty and the noise caused by social events in the common areas," therefore the Cross-Complaint and administrative proceeding are covered under the policy. (Reply 7:6-8.)

Under the "concurrent causation" doctrine, where two or more independent causes combine to harm a third party, liability coverage exists "whenever an insured risk constitutes a proximate cause of the third party's injuries even if an excluded risk is a concurrent proximate cause." State Farm Mutual Auto. Ins. Co. v. Partridge, 10 Cal.3d 94, 104-105 (1973) (holding a gun shot injury sustained by a passenger in the insured's vehicle while hunting rabbits was covered by the insured's homeowner's policy when a covered risk, the insured's independent negligent act of modifying the trigger mechanism of his firearm, combined with an excluded risk, the insured's negligent operation of his motor vehicle, to cause the passenger's injuries).

However, the "concurrent causation" doctrine established in Partridge is limited in its application. Garvey v. State Farm Fire & Casualty Co., 48 Cal.3d 395, 399 (1989) "[I]n order for Partridge to apply, there must be two negligent acts or omissions of the insured, one of which, independently of the excluded cause, renders the insured liable for the resulting injuries." Daggs v. Foremost Ins. Co., 148 Cal.App.3d 726, 729 (1983); e.g. State Farm Fire & Casualty Company v.

Camara, 63 Cal.App.3d 48 (1976) (holding the covered risk of negligently converting an automobile into a dune buggy was dependent upon its subsequent negligent operation, which was excluded under the policy); and Safeco Ins. Co. v. Gilstrap, 141 Cal.App.3d 524, 526 (1983) (insured's liability for negligently entrusting their vehicle was dependent upon its negligent operation by their minor son and was therefore excluded under the policy, which excluded injuries arising out of use of a motor vehicle). "Courts following Partridge have made it clear that its holding only applies to multiple causes that operated totally independently of one another." Medill v. Westport Ins. Corp., 143 Cal.App.4th 819, 835 (2006).

Here, the insured risk is dependent upon the excluded risk since Plaintiff was not exposed to liability for its alleged breach of fiduciary duty until Non-Owner use of the common areas resulted in noise and interfered with Hollow's quiet use of his property. Therefore, the "concurrent causation" doctrine does not apply.

**E.   Estoppel**

Plaintiff further argues in its reply brief that since Defendant defended and indemnified it in the Warnick/Michael Complaint, "which similarly involved Hollow's noise complaints," it is "estopped from asserting that the noise exclusion precludes coverage here...." (Reply 11:6-8.) Plaintiff's estoppel argument is waived, however, since it was not made in its moving papers. See United States v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in an appellant's reply brief are generally deemed waived."); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

13

**IV. CONCLUSION**

Since Defendant has shown the absence of any potential for coverage under the policy, it does not have a duty to defend Plaintiff in Hollow's pending Cross-Complaint or related administrative proceeding. Therefore, Plaintiff's partial motion for summary judgment is denied and Defendant's cross motion for summary judgment is granted.

Dated: July 21, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge