IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAKELAND VILLAGE                    )
HOMEOWNERS ASSOCIATION,             )        2:10-cv-00604-GEB-GGH
                                    )
              Plaintiff,            )
                                    )        ORDER GRANTING DEFENDANT'S
         v.                         )        MOTION FOR CERTIFICATION OF
                                    )        ORDER FOR APPEAL, STAYING
GREAT AMERICAN INSURANCE            )        PROCEEDINGS PENDING
GROUP, TRAVELERS PROPERTY           )        INTERLOCUTORY APPEAL AND
CASUALTY COMPANY OF AMERICA, and    )        VACATING HEARING ON
DOES 1 through 50,                  )        PLAINTIFF'S MOTION FOR
                                    )        ENFORCEMENT OF ORDER*
              Defendants.           )
_____   )

          Pending are Plaintiff's motion to enforce a partial summary

judgment order and Defendant Travelers Property Casualty Company of

America ("Travelers")'s motion for certification of the order for appeal

under 28 U.S.C. § 1292(b) ("section 1292(b)"), which Plaintiff seeks to

have enforced.  Travelers also requests a stay of the district court

proceedings pending the outcome of the requested appeal. The motions

concern the Court's July 22, 2010 order that granted Plaintiff's motion

for partial summary judgment on its declaratory relief claim and held

that Travelers has a duty to defend a cross-complaint filed against

Plaintiff in a pending state court action. (Order Granting Pl.'s Mot.

for Partial Summ. J., ECF No. 58.)

_____

          *    This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

# I.

## BACKGROUND

Plaintiff's earlier motion for partial summary judgment sought a declaration that its insurer, Travelers, has a duty to defend a state court cross-complaint filed against it. Plaintiff's motion was granted because the cross-complaint alleges a nuisance claim covered by the following provision in its insurance policy: injury arising out of "invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor . . . ." (Pl.'s P.&A. in Supp. of Mot. for Partial Summ. J. against Travelers 8:9-19, ECF No. 11.)

Plaintiff's partial summary judgment motion was granted in part because the clause "'by or on behalf of its owner, landlord or lessor' . . . is reasonably susceptible to more than one interpretation." (ECF No. 58. 11:18-22). Therefore, this clause was construed in Plaintiff's favor. <u>Id</u>. The order states, in relevant part:

> The parties also dispute the effect of the clause "by or on behalf of its owner, landlord or lessor," in the policy's definition of "personal injury" for "invasion of the right of private occupancy." . . .
>
> . . . .
>
> The parties have not provided any binding authority, which is dispositive of this issue . . . .
>
> Further, the out-of-state authority cited by the parties is conflicting . . . .
>
> . . . .
>
> Since the clause "by or on behalf of its owner, landlord or lessor," is reasonably susceptible to more than one interpretation, it is ambiguous and must be construed in Plaintiff's favor.

1 | <u>Id.</u>  9:14-16, 10:6-7, 10:12-13, 11:18-20.

2 | **II. DISCUSSION**

3 | Travelers requests the Court amend its July 22, 2010 Order,

4 | which granted Plaintiff partial summary judgment (the "Order") to

5 | certify the following issue for interlocutory appeal under 28 U.S.C. §

6 | 1292(b):

7 | [W]hether the cross-complaint by Francis Hollow
   | against Lakeland in the underlying El Dorado County
8 | Superior Court action ("the Hollow
   | Cross-Complaint") potentially seeks damages because
9 | of injury arising out of the "invasion of the right
   | of private occupancy of a room, dwelling or
10 | premises that a person occupies by or on behalf of
   | its owner, landlord or lessor," thereby creating a
11 | duty to defend.

12 | (Mem. of Law in Supp. of Def.'s Mot. for Certification of Order for

13 | Appeal ("Mot.") 1:11-18.)

14 | Travelers argues this "issue is proper for interlocutory

15 | review under 28 U.S.C. § 1292(b) because (1) it presents a controlling

16 | question of law, (2) as to which there are substantial grounds for

17 | differences of opinion, and (3) from which an immediate appeal of the

18 | Court's ruling would materially advance the ultimate termination of this

19 | lawsuit." (Mot. 1:19-22.) Specifically, Travelers contends:

20 | The first and third prongs are met because a
   | reversal of the Court's ruling . . . would
21 | effectively eliminate all of [Plaintiff's] claims
   | and obviate the need for a trial[, and] [t]he
22 | second prong is met because there is no controlling
   | California case law concerning the interpretation
23 | of the coverage provision at issue, and courts
   | outside of California have disagreed on the proper
24 | interpretation of the policy language.

25 | (Mot. 1:22-27.)

26 | Plaintiff opposes Travelers' motion, arguing, inter alia,

27 | "Travelers cannot demonstrate that 'there is a substantial ground for

28 | difference of opinion' regarding the issues it seeks to certify[,]" "the

3

1 question at issue does not involve any exceptional circumstances," and

2 "reversal of this issue on appeal would not terminate the entire action

3 as asserted by Travelers." (Pl.'s Opp'n to Def.'s Mot. for Certification

4 of Order on Appeal ("Opp'n") 2:17-18, 3:10, 3:15-18.)

5      **A.     Request for Certification of Appeal under Section 1292(b)**

6           "Section 1292(b) provides a mechanism by which litigants can

7 bring an immediate appeal of a non-final order upon the consent of both

8 the district court and the court of appeals." In re Cement Antitrust

9 Litigation, 673 F.2d 1020, 1025-26 (9th Cir. 1982). "The party seeking

10 review [has] the burden of showing that 'exceptional circumstances

11 justify a departure of the basic policy of postponing appellate review

12 until after the entry of a final judgment.'" Assoc. of Irritated

13 Residents v. Fred Schakel Dairy, 634 F.Supp.2d 1081, 1087 (E.D. Cal.

14 2008)(quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

15           Section 1292 identifies three factors that must be present to

16 certify an appeal. In re Cement Antitrust Litigation, 673 F.2d at 1026.

17 First, the issue to be certified must involve a "controlling question of

18 law." "[T]he issue 'need not be dispositive of the lawsuit . . . to be

19 regarded as controlling.'" Sierra Foothills Public Utility Dist. v.

20 Clarendon America Ins. Co., No. CV F 05-0736 AWI SMS, 2006 WL 2085244,

21 at *2 (E.D. Cal. July 25, 2006)(quoting United States v. Woodbury, 263

22 F.2d 784, 787-88 (9th Cir. 1959)). Rather, "all that must be shown . .

23 . is that resolution of the issue on appeal could materially affect the

24 outcome of litigation in the district court." In re Cement Antitrust

25 Litigation, 673 F.2d at 1026.

26           Second, there must be a "substantial ground for difference of

27 opinion" on the issue. A party's disagreement with the district court's

28 ruling is insufficient to demonstrate a "substantial ground for

1 difference of opinion." <u>Central Valley Chrysler-Jeep v. Witherspoon</u>, No.
2 CVF046663RECLJO, 2005 WL 3470653, at *2 (E.D. Cal. 2005). The moving
3 party must make "some greater showing." <u>Napa Community Redevelopment</u>
4 <u>Agency v. Continental Ins. Co.</u>, No. C-94-3284 DLJ, 1995 WL 714363, at *3
5 (N.D. Cal. 1995). For example, courts have held this factor is satisfied
6 when there is a lack of binding authority on an issue, which is subject
7 to differing interpretations. <u>See, e.g.,</u> <u>Maestri v. Westlake Excavating</u>
8 <u>Co., Inc.,</u> 894 F.Supp. 573, 578 (N.D.N.Y. 1995); <u>see also,</u> <u>Wells Fargo</u>
9 <u>Bank v. Bourns, Inc.,</u> 860 F.Supp. 709, 717 (N.D. Cal. 1994)(holding the
10 "available precedent [left] 'substantial ground for difference of
11 opinion'" when "the issues . . . have not been squarely addressed by the
12 Ninth Circuit").
13       Third, an immediate appeal from the order must "materially
14 advance the ultimate termination of the litigation." This factor is
15 closely related to the question of whether an issue of law is
16 "controlling" "in that the [district court] should consider the effect
17 of a reversal . . . on the management of the case." <u>Napa Community</u>
18 <u>Redevelopment Agency v. Continental Ins. Co.</u>, 1995 WL 714363, at *4. The
19 district court should consider "the effect of immediate [appellate]
20 review and reversal, not just review . . . . The likelihood of success
21 on the merits, and the typical lifespan of an appeal, do not answer the
22 relevant question." <u>Environmental Protection Information Center v.</u>
23 <u>Pacific Lumber Co.,</u> No. C 01-2821, 2004 WL 838160, at *3 n.7.
24       Travelers has shown that certification of the Order is
25 appropriate here. Resolving the legal issue of whether or not Travelers
26 owes Plaintiff a defense on appeal would "materially affect the outcome"
27 of these proceedings since three of the four claims Plaintiff alleges
28 against Travelers are based upon a duty to defend; specifically, breach

5

1 of contract, breach of the implied covenant of good faith and fair

2 dealing and declaratory relief. (Pl.'s Compl. ¶¶ 26, 33, 34, 39-40.)

3 Therefore, the Order "involves a controlling issue of law," and an

4 immediate appeal from the order will "materially advance the ultimate

5 termination of the litigation."   A reversal of the Order could

6 "eliminate trial time of trying [these three claims] and accordingly

7 conserve judicial resources." <u>Assoc. of Irritated Residents v. Fred</u>

8 <u>Schakel Dairy</u>, 634 F.Supp.2d at 1092-93. Further, "there is substantial

9 ground for difference of opinion" as to whether or not Travelers has a

10 duty to defend Plaintiff because no binding California decision has

11 interpreted the clause "by or on behalf of its owner, landlord or

12 lessor," and out-of-state courts have construed the clause differently.

13 For the stated reasons, Travelers' certification motion under section

14 1292 will be granted.

15      **B.    Stay of Proceedings Pending Interlocutory Appeal**

16          Travelers also requests a stay of the proceedings in this

17 action pending the outcome of the appeal "so the parties may avoid the

18 need for unnecessary discovery and motion practice." (Mot. 6:22-24.)

19 Plaintiff opposes the request, arguing a stay would create substantial

20 hardship to Plaintiff, "a self-funded non-profit homeowners

21 association," because it would have to continue paying for its defense

22 in the underlying state litigation. (Opp'n 10:18-24.)

23          This court has authority to stay this case pending an

24 interlocutory appeal since section 1292(b) states: "[A]pplication for an

25 appeal hereunder shall not stay proceedings in the district court unless

26 the district judge or the Court of Appeals or a judge thereof shall so

27 order."  Here, resolution of the issue of whether or not Travelers owes

28 Plaintiff a defense of a cross-complaint filed in a pending state court

1  action "would alter the direction of the current proceedings . . . ."
2  Assoc. of Irritated Residents v. Fred Schakel Dairy, 634 F.Supp.2d at
3  1092-93 (staying proceedings pending interlocutory appeal of order
4  denying motion to dismiss Clean Air Act claim).   Since three of
5  Plaintiff's four claims against Travelers are based upon the duty to
6  defend, "[i]t would be a waste of judicial and party resources to
7  proceed with [these] claims while the appeal is pending." Id.; see also
8  Watson v. Yolo Co. Flood Control and Water Conservation District, No.
9  2:06-cv-1549 FCD DAD, 2007 WL 4107539, at *4 (E.D. Cal. Nov. 16, 2007)
10  (holding stay of proceedings pending interlocutory appeal promotes
11  economy of time and effort both for the court and the parties).
12  Plaintiff counters that "a stay will cause [it] irreparable damage," but
13  has not supported this argument with evidence. (Opp'n 10:18-19.)
14  Therefore, Travelers' request to stay this case pending resolution of
15  the interlocutory appeal will also be granted.

## III. CONCLUSION

17        For the stated reasons, Travelers' Motion for Certification of
18  the Order for appeal is granted, and this case is stayed pending the
19  Ninth Circuit's decision on whether it will allow the appeal, or if the
20  interlocutory appeal is permitted, its decision on the appeal. Further,
21  the hearing on Plaintiff's motion to enforce the Order is vacated.  The
22  parties shall file a Joint Status Report within five court days of
23  receipt of a Ninth Circuit Order that authorizes this case to proceed in
24  the district court.

25  Dated:  September 9, 2010

26

27  _____
    GARLAND E. BURRELL, JR.
28  United States District Judge

7