1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10                       SACRAMENTO DIVISION

11  LAKELAND VILLAGE HOMEOWNERS          Case No. 2:10-cv-00604-GEB-GGH
    ASSOCIATION,
12                                       STIPULATED [PROPOSED] ORDER:

13          Plaintiff,                   1) CLARIFYING THE ORDER
                                         DENYING PLAINTIFF'S MOTION FOR
14                                       PARTIAL SUMMARY JUDGMENT
         v.                              AND GRANTING GREAT
15                                       AMERICAN'S CROSS-MOTION FOR
                                         SUMMARY JUDGMENT; AND
16  GREAT AMERICAN INSURANCE
    GROUP, TRAVELERS PROPERTY            2) PERMITTING PLAINTIFF TO
17  CASUALTY COMPANY OF AMERICA          DISMISS ITS EIGHTH CAUSE OF
    and DOES 1 through 50,               ACTION FOR VIOLATION OF
18                                       BUSINESS AND PROFESSIONS
         Defendants.                     CODE § 17200 WITH PREJUDICE
19                                       AND ENTERING JUDGMENT IN
                                         FAVOR OF GREAT AMERICAN WITH
20                                       RESPECT TO THE FIFTH, SIXTH,
                                         AND SEVENTH CAUSES OF ACTION
21                                       FOR BREACH OF CONTRACT,
                                         BREACH OF THE IMPLIED
22                                       COVENANT OF GOOD FAITH AND
                                         FAIR DEALING AND DECLARATORY
23                                       RELIEF PURSUANT TO
                                         FED.R.CIV.PROC. RULE 54(B)
24

25          On September 14, 2010, Plaintiff Lakeland Village Homeowners

26  Association ("Lakeland") and Defendant Great American Insurance Company

27  ("Great American") jointly requested that this court partially remove the

28  pending stay of this action for the sole purpose of clarifying this Court's

                                                      Case No. 2:10-cv-00604

1  ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY

2  JUDGMENT AND GRANTING GREAT AMERICAN'S CROSS-MOTION FOR

3  SUMMARY JUDGMENT, entering partial judgment in favor of Great American

4  as to the fifth, sixth and seventh causes of action and entering a final judgment

5  in favor of Great American pursuant to Fed. R. Civ. Proc. Rule 54(b).  This

6  court hereby grants said requests as set forth below.

7  **I.    CLARIFICATION OF ORDER**

8          On July 22, 2010, the District Court issued its "Order Denying Plaintiffs

9  Motion for Partial Summary Judgment and Granting Defendant's [Great

10  American's] Cross-Motion for Summary Judgment ("The Order"). The Order

11  states that Lakeland moved for partial summary judgment on its seventh cause

12  of action for declaratory relief and that Great American "filed a cross motion for

13  summary judgment, arguing it does not owe Plaintiff a defense and, therefore,

14  is entitled to partial summary judgment on Plaintiff's declaratory relief claim."

15  (pg.1:23-26). The Order concludes by stating:

16          Since Defendant has shown the absence of any potential for coverage
        under the policy, it does not have a duty to defend Plaintiff in Hollows'
17      pending Cross-complaint or related administrative proceeding.  Plaintiffs
        partial motion for summary judgment is denied and Defendant's [Great
18      American's] cross motion for *summary judgment* is granted." (Pg.14:2-6)

19  The parties have asked the court to clarify whether the court granted summary

20  judgment as to all claims against Great American or partial summary judgment

21  as to the seventh cause of action for declaratory relief.  The court intended to

22  grant partial summary judgment as to the Seventh Cause of Action for

23  Declaratory Relief only. Accordingly, the court's order as set forth above is

24  modified by adding the word "partial" as follows:

25          Since Defendant has shown the absence of any potential for coverage
        under the policy, it does not have a duty to defend Plaintiff in Hollows'
26      pending Cross-complaint or related administrative proceeding.  Plaintiffs
        partial motion for summary judgment is denied and Defendant's [Great
27      American's] cross motion for **partial** *summary judgment* is granted."
        (Pg.14:2-6)

28

**STIPULATED [PROPOSED] ORDER**

## II.   DISMISSAL OF EIGHTH CAUSE OF ACTION FOR VIOLATION OF *BUSINESS & PROFESSIONS CODE* SECTION 17200

Plaintiff Lakeland has requested that the Court allow Lakeland to dismiss its Eighth Cause of Action for violation of Business & Professions Code section 17200 with prejudice. Said request is hereby granted.

## III.   FINAL JUDGMENT IN FAVOR GREAT AMERICAN

The parties have requested that this court enter judgment in favor of Great American on the Fifth, Sixth and Seventh Causes of Action pursuant to Fed. R. Civ. Proc. Rule 54(b) and have acknowledged that appeals normally only lie from final judgments and not from interlocutory orders or rulings. 28 U.S.C. Section 1291.  The Parties assert that this Court's ruling declaring an absence of a duty to defend owed by Great American to Lakeland, effectively defeats Lakeland's entire action against Great American.

California law provides that absent a duty to defend, there can be no breach of contract. *Construction Protective Services, Inc. v. TIG Specialty Ins. Co.*, 29 Cal.4th 189, 198-199 (2002) and that coverage under the policy is a necessary element of a cause of action for breach of the covenant of good faith and fair dealing. *Waller v. Truck Insurance Exchange, Inc.*, 11 Cal.4th 1, 36 (1995). When this Court adjudicated the declaratory relief cause of action in favor of Great American, it essentially adjudicated all but the Section 17200 claims in Great American's favor.  The Section 17200 claims have now been dismissed with prejudice.  Accordingly, the court hereby enters partial judgment in favor of Great American only on the fifth, sixth and seventh causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief pursuant to Fed. R. Civ. Proc. Rule 54(b).

///

///

## IV. PARTIAL JUDGMENT IS APPROPRIATE UNDER RULE 54(B)

Generally an order following a motion for partial summary judgment is not final and ordinarily not appealable.  Fed. R. Civ. Proc. Rule 54(b).  Under limited circumstances, a party can request that a district court certify the order on partial summary judgment for interlocutory appeal. 28 U.S.C. Section 1292(b).  However, such motions are rarely granted and require a showing of "exceptional circumstances."

A party that loses a motion for partial summary judgment cannot voluntarily dismiss its remaining claims without prejudice in order to render the order appealable.  Such a dismissal is viewed as an attempt to "manufacture finality" and thus "manipulate" appellate jurisdiction.  *Adonican v. City of Los Angeles*, 297 F.3d 1106, 1107 (9th Cir. 2002).  The Court is satisfied that Lakeland and Great American have not attempted to manufacture finality or manipulate appellate jurisdiction, but instead seek to follow the proper procedure for finally resolving the causes of action asserted by Lakeland against Great American in order to pursue appellate review.

In multi-party or multi-claim cases, the district court will enter final judgment against some but not all parties only if it determines under Rule 54(b) "that there is no just reason for delay" and then expressly directs entry of judgment on that basis. Fed. R. Civ. Proc. Rule 54(b); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Partial judgments are proper under Rule 54(b) where there are distinct and severable claims and immediate review of the portion ruled upon will not result in later duplicative proceedings in the trial or appellate court.  *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-879 (9th Cir. 2005).  A Rule 54(b) judgment is also appropriate where the remaining claim was related entirely to a different transaction.  *Stauffer Chem. Co. v. Keysor-Century Corp.*, 541 F.Supp. 234 (D DE 1982).   It is appropriate to enter partial judgment under Rule 54(b) as to the fifth, sixth and seventh causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against Lakeland and in favor of Great American since these

1  claims are unrelated both factually and legally from the claims asserted against

2  Travelers.

3       Lakeland could have brought separate actions against Travelers and

4  Great America, had it so desired and not joined them together in this action.

5  Lakeland's claims asserted against Great American relate to a different

6  insurance policy and involve different policy provisions from those involved in

7  the claims against Travelers.  The resolution of insurance coverage issues

8  regarding Great American has no impact on the resolution of the issues

9  regarding Travelers.  As such, those causes of action are ripe for a partial

10  judgment under Rule 54(b).  Furthermore, there is "no just reason for delay"

11  since resolution of Great American's duty to defend Lakeland is determinative

12  of the entire action as regards Great American.

13       On September 9, 2010, this Court granted Travelers' Motion for

14  Certification of the Court's July 22, 2010 Order regarding Travelers' duty to

15  defend, and stayed these proceedings pending the Ninth Circuit's review of

16  Travelers' Motion for Certification and/or the Ninth Circuit's decision on

17  Travelers' appeal.  As such, there is "no just reason for delay" of resolution of

18  the issues regarding Great American's duty to defend and partial judgment is

19  appropriate under Rule 54(b).

**V.   CONCLUSION**

20       For the foregoing reasons and to avoid unnecessary litigation expenses,

21  Lakeland's and Great American's joint request is granted and this Court

22  provides the following relief:

23       1.    The Court's July 22, 2010 Order is clarified as set forth above;

24       2.    Summary judgment in favor of Great American is granted as to

25  Lakeland's fifth, sixth and seventh causes of action for breach of contract,

26  breach of the implied covenant of good faith and fair dealing, and declaratory

27  relief;

28

3.    Lakeland's eighth cause of action for violation of Business & Professions Code Section 17200 against Great American is dismissed *with prejudice* ;

4.    A partial judgment in favor of Great American pursuant to Fed. R. Civ. Proc. Rule 54(b) as to Lakeland's fifth, sixth and seventh causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief is granted so that Lakeland can go forward with an appeal to the Ninth Circuit; and

5.    The stay of this case will remain in force pending the Ninth Circuit's decision on whether it will allow this appeal and/or Travelers' appeal, or if either or both appeals are permitted, or the decisions(s) on appeal.

**Date:  9/16/2010**

_____
GARLAND E. BURRELL, JR.
United States District Judge

Approved as to form:

Dated:  September 15, 2010          HIRSCH CLOSSON McMILLAN & SCHROEDER
                                    A Professional Corporation

                                    By: ___/s/_____
                                        Clifford Hirsch
                                        Attorney for Plaintiff
                                        LAKELAND VILLAGE
                                        HOMEOWNERS ASSOCIATION

Dated:  September 15, 2010          CLYDE & CO US, LLP

                                    By: ___/s/ (as authorized on 9-15-10)__
                                        Peter J. Whalen
                                        Attorney for Defendant
                                        GREAT AMERICAN INSURANCE
                                        COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED [PROPOSED] ORDER